UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, #182509, | ) C/A No. 5:13-1950-RMG-KDW |
| Plaintiff, | ) |
| vs. | ) |
| William R Byars, Jr, Director; | ) |
| Thomas E Byrne, MD; | ) |
| Patricia Derrick, HCA; | ) |
| Nurse Hutto, RN, n/k/a Nurse Jones; | ) REPORT AND RECOMMENDATION |
| Nurse Spaulden, RN; | )      (partial summary dismissal) |
| Nurse Alicia Jones, RN, n/k/a Alicia Thompson; | ) |
| Officer John E Crumley; | ) |
| Lt Richard Jenkins, SMU; | ) |
| Sgt A DeLoach, SMU; | ) |
| Officer Corley; | ) |
| Ms. Aldrich; | ) |
| Willie Smith, FSS; | ) |
| Mr Dukes, FSS; | ) |
| Janine Wresicics, RN; | ) |
| John Tomarchio, MD; | ) |
| John Pate; | ) |
| Sgt Gilbert; | ) |
| Sgt Mr Rivers; | ) |
| Lt Ms Bishop, Jessica; | ) |
| Doris Poole, Classification; | ) |
| D. Jarques, R.N.; | ) |
| Ms. Prestor, food service; | ) |
| Assistant Warden Newton; | ) |
| Angela Jones, LPN; | ) |
| Pam Smith; | ) |
| Corporal Marvin Bryant; | ) |
| Margrette McQueen, and | ) |
| Ms. C. Butler, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the United States District Judge assigned to this case. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing,

district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Darren S. Simmons ("Plaintiff"), a prisoner at Allendale Correctional Institution, sues many South Carolina Department of Corrections ("SCDC") employees and officials, claiming the following: improper care and treatment following a March 7, 2013 heart attack; improper and/or inadequate food service and mental health care; excessive force in connection with an alleged gassing incident on July 12, 2013 ("gassing incident"); and retaliatory treatment allegedly arising from Plaintiff's previous grievances and lawsuits against prison personnel. The current operative initial pleading is a 44-page Amended Complaint. ECF No. 22. In a recently filed Motion to Amend/Correct, Plaintiff indicated he does not wish to pursue this lawsuit against some of those previously named as Defendants–namely Nikki R. Haley, Ms. Verlynda M. Henderson, Ms. Virginia Grubbs, Ms. Lt. Brantley, Ms. Smart, and Ms. Brown. ECF No. 52. That Motion is being granted in an Order issued contemporaneously with this Report.

The court's initial review of Plaintiff's allegations in the Amended Complaint discloses that it contains no specific allegations that can be tied directly to one of the still-active Defendants, Doris Poole. In the Amended Complaint, Poole is only referenced once, as working in the classification department and being "responsible" for protecting inmates' due process and good-time credits. Am. Compl. 7, ECF No. 22. The Amended Complaint contains no specific allegations regarding acts or omissions of Poole that possibly could subject her to liability for violation of Plaintiff's constitutional rights. Accordingly, as discussed below, it is recommended that Poole be dismissed as a Defendant. As discussed within, initial review also makes it clear that Plaintiff's claims regarding the gassing incident should not be permitted to proceed in this lawsuit against any Defendant.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural

provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Amended Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) as to Defendant Doris Poole and as to the excessive force claim relating to the July 12, 2013 gassing incident.

## DISCUSSION

The Amended Complaint is subject to summary dismissal as to Defendant Poole because, following a careful review of the Amended Complaint, there are no allegations of personal wrongdoing by this person contained in the pleading. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing on the part of Doris Poole, Plaintiff's Amended Complaint is both frivolous and fails to state a claim on which relief can be granted as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute

allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper when there were no allegations to support claim).

To assert a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166. In absence of substantive allegations of wrongdoing against Defendant Poole, there is nothing from which this court can liberally construe any type of plausible claim against her arising from the Amended Complaint in this case. It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d at 115.

Furthermore, it is clear from the face of the pleadings that Plaintiff did not administratively exhaust the excessive force claim arising from the July 12, 2013 gassing incident because this case was filed only four days later. Under these facts, there is no way in which the SCDC administrative remedy process could be fully completed as to the July 12th gassing incident by the time this case was filed, and Plaintiff's suggestion otherwise is simply incorrect. Am. Compl. 2, ECF No. 22 (averring he received the "final agency/departmental/institutional answer" to his grievance on "June 28, 2013"). Thus, the exhaustion he relies on in this case could not have been related to a gassing incident that occurred approximately two weeks AFTER the final grievance response was received.

In enacting the Prison Litigation Reform Act of 1996[1] (the PLRA), Congress carved out an exception

---

[1] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

4

to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). Accordingly, before Plaintiff may succeed with *any claim* against any defendant in this court, he must *first* exhaust his administrative remedies available through the SCDC grievance process as to the claims he seeks to raise. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81 (2006) (prisoners must "properly exhaust" their administrative remedies *before* coming into court); *Porter v. Nussle*, 534 U.S. 516 (2002); *Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); *Larkin v. Galloway*, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also Claybrooks v. Newsome*, 18 F. App'x 243 (4th Cir. 2001) (applying *Booth v. Churner* to affirm district court's denial of relief to plaintiff). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199 (2007), in this Circuit, if the lack of exhaustion is clear from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

    Plaintiff's failure to fully exhaust his administrative remedies as to the July 2013 gassing incident before filing this case is clear on the face of the Complaint and Amended Complaint. The original Complaint was signed on July 12, 2013 (the same day as the gassing incident), and the envelope in which the Complaint was mailed to this court bears an Allendale Correctional Institution mail-room receipt stamp and postmark, each dated the same day. ECF No. 1-2. Thus, under applicable law, this court must consider that Plaintiff filed his Complaint on July 12, 2013: the date he gave it to the institutional mailroom for

5

mailing to this court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

Under the currently controlling SCDC inmate grievance regulations (effective October 1, 2010), the initial institutional response to an inmate's conditions of confinement-related grievance is not due until at least 55 days after it is submitted by the inmate (ten days allowed to enter grievance into the system, 40 days allowed thereafter for the warden to respond, and five additional days allowed to provide inmate with response). SCDC, *Inmate Grievance Sys.*, GA-01.12, §§ 13.2, 13.4 (Oct. 1, 2010). If an inmate receives a timely response to Step 1, he still must pursue a Step 2 grievance through the entire additional 70 days allowed for it (after filing, five days for the appeal to be sent to headquarters, 60 days for the responsible official to respond to the appeal, and then five additional days for the response to be served on the inmate) before it may be said that he fully exhausted his administrative remedies in a conditions-of-confinement matter. *Id*. §§ 13.5, 13.6. The decision of the "responsible official" who answers the Step 2 appeal is SCDC's final response in the matter. *Id.* § 13.6.

By filing this case on the same day that the gassing incident alleged occurred, even if he filed a grievance on that same day (which is unclear), Plaintiff did not give the administrative remedy system time to respond or to "work" in his case. He needed to wait for the Warden's response to his Step 1 grievance and then, if necessary, wait longer for SCDC's final response to his Step 2 grievance before filing this suit and seeking to hold Defendants liable for violating his constitutional rights in connection with the incident. It is obvious from the date of filing of this case that he did not do so. Because this failure to fully exhaust administrative remedies is clear on the face of the pleadings, Plaintiff should be precluded from raising the gassing incident in this case. *Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d at 683. Additionally, the undersigned takes judicial notice[2] that Plaintiff has another case currently pending in this court, filed in October 2013, in which he also raises claims allegedly based on the July 12, 2013 gassing incident against

---

[2]*See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'")

6

many of the same persons named as Defendants in this case. That case has already been served on the originally named Defendants, thus Plaintiff is not foreclosed from having the court consider the gassing incident as a result of the recommendation in this case. *Simmons v. Byars*, Civil Action No. 5:13-cv-02754-RMG-KDW.[3]

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's Amended Complaint be dismissed *without prejudice* as to Defendant Poole and as to the excessive force claim arising from the July 12, 2013 gassing incident. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Amended Complaint should be served against the remaining Defendants except those whom Plaintiff has moved to eliminate from the case. The served Defendants should be directed that, unless later instructed otherwise by the court, they need not respond to allegations in the Amended Complaint concerning the excessive force in connection with an alleged gassing incident on July 12, 2013 (referred to above as the "gassing incident").

IT IS SO RECOMMENDED.

January 6, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Nothing in this Report and Recommendation should be considered as expressing any opinion regarding any aspect of *Simmons v. Byars*, Civil Action No. 5:13-cv-02754-RMG-KDW.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).